**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FEDERICO FERIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA

    Respondent.

Civil Action No. 16-5105 (MAS)

**OPINION**

**SHIPP, District Judge**

**I.    Introduction**

Federico Feria ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (Pet'r's Mot. ("Mot."), ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to screen the petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons explained below, this Court will deny the petition and deny Petitioner a certificate of appealability.

**II.    Background**

The relevant facts and procedural history are taken from Petitioner's brief in support of his motion. (Pet'r's Br., ECF No. 3.) On October 2, 2009, Petitioner pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a), (d) and § 2, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.* at 2.) On October 7, 2010, Petitioner was sentenced to 114 months imprisonment. (*Id.* at 1.)

On or about August 17, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, seeking to challenge his conviction under § 924(c) following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Mot. 1.) Petitioner also maintained that his § 2255 motion should be considered timely as filed within one year of, and raising arguments under *Johnson*. (Pet'r's Br. 2.) On April 3, 2017, Petitioner's counsel filed a letter asking this Court to stay Petitioner's motion pending the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (Pet'r's Letter, ECF No. 5.) This Court granted the stay. (Order, Apr. 4, 2016, ECF No. 6.) After the Supreme Court's decision in *Dimaya*, this Court ordered Petitioner to file a status update of his case, informing the Court whether he intended to proceed on his motion. (Order, Aug. 2, 2018, ECF No. 7.) On August 7, 2018, Petitioner's counsel filed a status report indicating that Petitioner had since been released from custody and deported. (Status Report, ECF No. 8.) The report did not indicate whether Petitioner intended to proceed with his case, but did appear to concede that *Dimaya* does not override Third Circuit case law under *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018), finding that bank robbery is categorically a crime of violence. (*Id.*) On August 8, 2018, this Court lifted the stay of Petitioner's case. (Order, Aug. 8, 2018, ECF No. 9.)

**III.   Analysis**

For the purposes of this opinion, this Court will presume that Petitioner intends to proceed with his motion. Petitioner maintains that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague pursuant to *Johnson* and that robbery is therefore not a crime of violence sufficient to support his conviction under § 924(c). (Pet'r's Br. 1.) This Court disagrees.

Section 924(c) prescribes certain enhanced punishments for any person who uses, carries, possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug

trafficking crime. 18 U.S.C. § 924(c). The statute defines a "crime of violence" to mean "an offense that is a felony" and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The first clause is commonly referred to as the "elements clause" and the latter as the "residual clause." *See Dimaya*, 138 S. Ct. at 1211 (referring to the similarly worded clauses of 18 U.S.C. § 16(b) as the "elements clause" and the "residual clause"). In *Johnson* and *Dimaya*, the Supreme Court found the nearly identical residual clauses of two similar statutes unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1223 (finding residual clause of 18 U.S.C. § 16(b) unconstitutionally vague); *Johnson*, 135 S. Ct. at 2563 (finding residual clause of Armed Career Criminal Act unconstitutionally vague). Petitioner's reliance on these cases is misplaced; neither *Johnson* nor *Dimaya* invalidated the remaining "elements clause" in those statutes. Thus, Petitioner's § 924(c) conviction would remain valid so long as his underlying crime of bank robbery was a "crime of violence" under the "elements clause" of the statute.

In *United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018) the Third Circuit recently held that bank robbery under 18 U.S.C. § 2113(d) is a crime of violence under the "elements clause" of § 924(c)(3). 899 F.3d at 204; *see also United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018) (finding bank robbery by intimidation, under 18 U.S.C. § 2113(a), to be a crime of violence under the elements clause of the nearly identical United States Sentencing Guidelines, § 4B1.2(a)). The Third Circuit in *Johnson* explained that "*Wilson* forecloses [the petitioner's] argument that bank robbery is not [a] crime of violence under the § 924(c)(3) elements clause." *Johnson*, 899 F.3d at 204. The Court there also explained that it was not necessary to "reach the question of whether

3

the residual clause [of § 924(c)(3)] is void for vagueness." *Id.* Therefore, because the Third Circuit has held that bank robbery, when accompanied by the brandishing of a firearm, is categorically a crime of violence under the "elements clause" of § 924(c), Petitioner's conviction, irrespective of the legitimacy of the residual clause, is proper. Accordingly, Petitioner's motion to vacate his sentence is denied.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Because jurists of reason would not disagree with this Court's conclusion that Petitioner's claim is without merit, no certificate of appealability shall issue.

## V. Conclusion

For the reasons stated above, Petitioner's motion to vacate his sentence (Mot., ECF No. 1) is DENIED, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: 9/19/18

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE